## In re BLOOD.

Court of Appeals of District of Columbia.

Submitted November 18, 1927. Decided December 5, 1927.

No. 1978.

**I. Patents ⬯15—Design for hosiery ticket cannot be patented, where same design, except for addition of words inscribed within outlines, was previously registered as label.**

Figure with the outline of elongated hexagon or rectangle, with four corners cut off by deep cuts, cannot be registered as design for hosiery ticket, where same design had been registered as label, notwithstanding registered label contained certain words within outlines which were omitted from design.

**2. Patents ⬯15—Trade-marks and trade-names and unfair competition ⬯43—Applicant may apply for patent for design as label, or register design as label, but cannot do both.**

Applicant may apply for patent for design as label, or may register same design as label, but he cannot do both, and is bound by election to pursue either course.

Appeal from the Commissioner of Patents.

In the matter of the application of Ernest Blood for registration of a design for a hosiery ticket. The Board of Examiners in Chief affirmed an adverse decision by the Examiner. This decision was in turn affirmed by the Commissioner of Patents, and applicant appeals. Affirmed.

Jas. Atkins, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This appeal challenges concurrent decisions of the Patent Office refusing to allow the registration of appellant's design for a hosiery ticket.

The claim is in the usual form, as follows: "The ornamental design for a hosiery ticket as shown." An illustration of the design is contained in the record, and discloses a figure with the outline of an elongated hexagon, or of a rectangle with the four corners cut off by deep cuts. The interior of the figure is plain, having no reading matter nor ornamentation within it.

The Examiner rejected the claim on the ground that the applicant had previously registered the same design as a label, and therefore was not entitled to register it also as a design patent. The Examiner noted that the label design contained certain words inscribed within its outlines, which were omitted from the present design, but that otherwise it disclosed all of the features of the latter. This omission was held by the examiner to be immaterial. The applicant appealed to the Board of Examiners in Chief, who affirmed the decision of the Examiner. This decision was in turn affirmed by the Commissioner of Patents.

[1, 2] We think that these decisions were right. There is no difference in contemplation of law between the label design and that involved in this proceeding; the design in each case is the same. The design is not entitled to double registration, once as a label design, and again as a design for a hosiery ticket. Such a course would result for all practical purposes in an extension of the design monopoly. The applicant was entitled to apply for a patent for the design as a hosiery label, or he might complete the label, and register the design, so completed, as a label. He could not do both. He elected to pursue the latter course, and has obtained the protection thereby assured to him, and he is bound by that election. De Jonge & Co. v. Breuker & Kessler (C. C.) 182 F. 150.

The decision of the Commissioner of Patents is affirmed.